**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**ALBERT WILLIAM LACY,**

**Plaintiff,**

**v.** **Case No. 2:13-cv-14813**

**JOE DELONG, Director, West Virginia Regional Jail Authority, STEVE CROOKS, Administrator, South Central Regional Jail, MR. WILSON, Medical Administrator, Primecare Medical, Inc., MR. HUNTER, Correctional Officer, UNKNOWN MEDICAL STAFF, MEDICAL STAFF PERSON TERRY, MEDICAL STAFF PERSON EVA, UNKNOWN CORPORATE AND MEDICAL STAFF, UNKNOWN CORRECTIONAL OFFICER, SEVERAL UNKNOWN CORRECTIONAL [STAFF],**

**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On June 19, 2013, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), which has been granted by separate Order. This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed without prepayment of fees and costs. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

> do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief may be granted under the standards set forth in *Twombly/Iqbal*, the defendants have not been served with process and should not be required to appear or defend this matter.

**THE PLAINTIFF'S COMPLAINT**

The plaintiff is not presently incarcerated. However, according to his Complaint, between October 21, 2012 and March 8, 2013, the plaintiff was a pretrial detainee, housed at the South Central Regional Jail ("SCRJ") in Charleston. West Virginia. The plaintiff's Complaint generally alleges that the SCRJ and the eight (8) other regional jails[1] operated by the West Virginia Regional Jail Authority are overcrowded. The plaintiff offers facts concerning incidents that have allegedly happened to other inmates at other facilities. However, the plaintiff lacks standing to assert any claims related to alleged incidents or injuries to persons other than himself.

---

[1] There are actually ten (10) regional jails operated by the West Virginia Regional Jail and Correctional Facility Authority.

The only specific factual allegations in the Complaint concerning conduct directly occurring to the plaintiff are as follows:

The plaintiff alleges that he was made to sleep and eat within three feet of a toilet, and that he could not sleep for fear of being attacked while lying in the doorway of his cell. (ECF No. 2 at 11.) The plaintiff further alleges that he was housed in an area where there were only two African-American inmates, and that, due to the overcrowded conditions, several white inmates "formed a group" and caused a racial divide. (*Id.*)

The plaintiff further alleges that defendant Correctional Officer Hunter instigated an assault on the plaintiff by telling two white inmates that the plaintiff was a child molester. (*Id.* at 12.) The plaintiff claims that he was forced to fight two white inmates, one for 25 minutes and the other for seven minutes, prior to any intervention by correctional staff. (*Id.*) The plaintiff alleges that an unknown female correctional officer who was working in the pod tower watched the assaults occur and failed to take any action at all. (*Id.*)

The plaintiff further alleges that he sustained injuries to his hip and his head, that he could barely walk, and that he was having dizzy spells. (*Id.* at 12-13.) The plaintiff further alleges that he received no medical treatment after the assault. (*Id.* at 13.)

The plaintiff further appears to allege that, at other times during his incarceration at the SCRJ, unrelated to his assault, he was unable to get proper medical care, including the failure to receive his medications for three weeks. (*Id.*)

The plaintiff's Complaint fails to specifically identify and attribute specific conduct to any defendant other than Correctional Officer Hunter.

The plaintiff's Complaint further alleges, in a conclusory manner, that the law library at the SCRJ is inadequate, and alleges that he was forced to give back a legal envelope which he claims posed a hardship in being able to prove dates concerning when he corresponded with his lawyer and the court.

## ANALYSIS

### A. The plaintiff lacks standing to raise claims unrelated to him.

To state a federal civil rights claim, a plaintiff must allege that he, himself, sustained a deprivation of the rights, privileges or immunities provided by the United States Constitution or federal law. *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977). To demonstrate standing, the plaintiff must allege a personal injury fairly traceable to a defendant's allegedly unlawful conduct that may be addressed by the requested relief. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

As noted above, while the plaintiff has alleged facts concerning his own alleged injury as a result of the conditions of confinement at the SCRJ, the plaintiff lacks standing to present any claims related to any other inmates at any other facilities operated by the WVRJA. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff lacks standing to pursue his allegations concerning other incidents to other inmates at the SCRJ or other WVRJA facilities.

To the extent that the plaintiff is citing these other incidents to establish a policy or custom of the West Virginia Regional Jail Authority, the plaintiff's Complaint fails to state a constitutional claim upon which relief can be granted concerning his own treatment, there is no need to address the policy or custom claim.

**B. The plaintiff's claims for declaratory and injunctive relief are moot.**

The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's requests for declaratory and injunctive are moot, and must be dismissed.

**C. The defendants, in their official capacities, are immune from damages.**

The plaintiff's Complaint indicates that he is suing the defendants in both their official and individual capacities. (ECF No. 2 at 5.) The power of the federal judiciary

does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). The Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose a liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

The Supreme Court and the United States Court of Appeals for the Fourth Circuit have found that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished).

In *Will*, the Supreme Court stated:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device.
>
> We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983. The judgment of the Michigan Supreme Court is affirmed. [Citations omitted].

Accordingly, to the extent that the plaintiff seeks monetary damages from the defendants in their official capacities, the undersigned proposes that the presiding District Judge **FIND** that such claims are barred by the Eleventh Amendment to the United States Constitution.

### D. The plaintiff's Complaint fails to state a claim under the Fourteenth Amendment.

Confinement conditions of pretrial detainees are evaluated under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). In order to state a claim under the Fourteenth Amendment, a detainee need only prove that their confinement amounts to punishment. *See Nelson v. Collins*, 659 F.2d 420, 425 (4th Cir. 1981). "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992).

In order to demonstrate that a particular condition of confinement constitutes impermissible "punishment," a detainee must show either 1) an "express intent" to punish or 2) a lack of a reasonable relationship "to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell*, 441 U.S. at 538-40).

The plaintiff's Complaint fails to state any claim upon which relief can be granted. His Complaint does not establish an express intent to punish or a lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. Moreover, the general allegations in the Complaint fail to state a claim for relief that is plausible on its face.

Pursuant to the standards set forth above, the presiding District Judge should find that none of the plaintiff's allegations is sufficient to sustain a Fourteenth Amendment due process claim.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss this civil action for failure to state a claim upon which relief can be granted, within the meaning of 28 U.S.C. § 1915(e)(2)(B).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

May 20, 2014

Dwane L. Tinsley
United States Magistrate Judge