IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ALBERT WILLIAM LACY,**

      **Plaintiff,**

v.                                        **Case No. 2:13-cv-14813**

**JOE DELONG, Director, West Virginia
Regional Jail Authority, STEVE CROOK,
Administrator, South Central Regional Jail,
MR. HUNTER, Correctional Officer,
SEVERAL UNKNOWN CORRECTIONAL [STAFF],**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

      This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court defendant Joe DeLong's first Motion to Dismiss (ECF No. 23) and a second Motion to Dismiss filed by defendants Joe DeLong and Steven Crook (ECF No. 38).

### STANDARD OF REVIEW

      *Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if,

viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **RELEVANT PROCEDURAL HISTORY**

On June 27, 2016, the presiding District Judge entered a Memorandum Opinion and Order (hereinafter "the June 2016 Order") finding that the plaintiff's Complaint stated plausible failure to protect claims against the named and unnamed defendants who are or were employees of the South Central Regional Jail (the "SCRJ") or the West

Virginia Regional Jail and Correctional Facility Authority (the "WVRJCFA"). The June 2016 Order further found that the Complaint failed to state any plausible claim for relief concerning inadequate medical care, and dismissed the named and unnamed defendants associated with PrimeCare Medical, Inc. The June 2016 Order further directed the undersigned to order service of process on defendants DeLong, Crook and Hunter, and to permit further proceedings to provide the plaintiff with an opportunity to identify the unnamed SCRJ employees.

However, on July 14, 2016, the plaintiff filed an improvident interlocutory appeal, which was subsequently dismissed on November 21, 2016. (ECF Nos. 8, 16, 17). On March 23, 2017, the undersigned directed the Clerk to issue summonses for defendants DeLong, Crook and Hunter and to serve the same by certified mail, return receipt requested, with delivery restricted to the addressee at the SCRJ or the WVRJCFA. (ECF No. 20). Because these three defendants were no longer employed in their respective positions, service of process was not properly perfected upon them.[1]

On April 13, 2017, attorney William E. Murray filed a Motion to Dismiss on behalf of defendant DeLong (ECF No. 23), asserting that the Complaint against him should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. On June 6, 2017, the undersigned conducted a motions hearing and status conference in this matter in which the plaintiff and Mr. Murray attended in person. During the hearing, Mr. Murray agreed to attempt to contact defendants DeLong and Crook to determine whether he could accept service of process

---

[1] Despite the instruction that delivery be restricted to the addressee, defendant DeLong's certified mail package was signed for by someone else at the WVRJCFA. The certified mail packages addressed to defendants Crook and Hunter at the SCRJ were refused for delivery.

on their behalf. Mr. Murray indicated that, even if Mr. Hunter were located, he would not be representing him in this matter.

On June 19, 2017, Mr. Murray notified the court that he was authorized to accept service of process on behalf of defendant Crook, but was unable to make contact with defendant DeLong. Accordingly, summonses were re-issued for those two defendants and, ultimately, defendant DeLong was served by the United States Marshals Service. Thus, defendants DeLong and Crook have been properly served with process. By Order entered on June 19, 2017, the plaintiff was ordered to provide an address for service of process on defendant Hunter within 20 days, or else the undersigned would recommend that Hunter be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 32).

On July 12, 2017, defendants DeLong and Crook, by counsel, filed a second Motion to Dismiss (ECF No. 38), asserting various grounds for dismissal of the Complaint, which will be addressed herein as necessary. On August 11, 2017, the plaintiff filed a Response in opposition to the second Motion to Dismiss (ECF No. 41). On August 17, 2017, the defendants filed a Reply (ECF No. 42). On August 21, 2017, the plaintiff filed an Affidavit/Affirmation in opposition to the Motion to Dismiss. (ECF No. 43). The Motions to Dismiss are ripe for adjudication.

## ANALYSIS

### A. Defendant DeLong's first Motion to Dismiss should be denied as moot.

In light of the successful service of process on defendant Joe DeLong on or about June 23, 2017, the undersigned proposes that the presiding District Judge **FIND** that the

first Motion to Dismiss filed on his behalf by counsel (ECF No. 23), asserting that the claims against him should be dismissed for insufficient service of process, is now moot.

### B. Defendant Hunter should be dismissed under Rule 4(m).

Although the court is charged with assisting the *pro se* pauper plaintiff with service of process under 28 U.S.C. § 1915(d), neither the court, nor the defendants, are required to be advocates for him. A prior attempt for service of process on defendant Hunter at his last known address was unsuccessful, and the plaintiff was given an opportunity to seek and provide an address for service on Hunter by July 10, 2017, but he provided no further information.

The court has no responsibility to continue to search for the location of this defendant in order to try to perfect service of process for the plaintiff. As noted by another Honorable Judge of this court:

> At a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute service.

*Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, *3 (S.D. W. Va., Jan. 21, 2015) (Chambers, J.).

When the plaintiff's Complaint was filed on June 19, 2013, Rule 4(m) of the Federal Rules of Civil Procedure stated as follows:

> Time Limit for Service - If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or <u>on its own initiative after notice to the plaintiff</u>, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).² Because more than 120 days has passed without appropriate service on defendant Hunter, notwithstanding attempted service on him by officers of the court at his last known addresses, the undersigned proposes that the presiding District Judge **FIND** that defendant Hunter has not been properly served and the claims against him are subject to dismissal under Rule 4(m).

### C. The second Motion to Dismiss filed by defendants DeLong and Crook should be denied.

As noted above, the June 2016 Order entered by the presiding District Judge found that the Complaint states a plausible claim under the Fourteenth Amendment for failure to protect the plaintiff from a serious risk of harm against defendants DeLong and Crook0 as supervisors, as well as against as yet unidentified correctional officers, who allegedly witnessed the assaults on the plaintiff, but failed to intervene. Nevertheless, on July 12, 2017, defendants DeLong and Crook filed a Motion to Dismiss (ECF No. 38) and a Memorandum of Law in support thereof (ECF No. 39), asserting that they did not violate the plaintiff's constitutional rights and that they are entitled to qualified immunity on the plaintiff's claims against them because the plaintiff has not sufficiently alleged that they violated any clearly-established statutory or constitutional right.³ The plaintiff has

---

² Effective December 1, 2015, the period for service under Rule (m) was reduced to 90 days. However, because the plaintiff's Complaint was filed prior to this amendment, the 120-day period was the applicable in this case. The undersigned notes, however, that the court did not initially order service of process on the defendants named in the Complaint until March 23, 2017 - after the amendment of Rule 4(m). In deference to the plaintiff, even applying the longer 120-day time period from March 27, 2017, the date that the summons for defendant Hunter was issued, he was not served in that time period. Thus, he is subject to dismissal, without prejudice.

³ The defendants' motion also asserts that, in their official capacities, they are not "persons" who can be sued under section 1983 and that the plaintiff's allegations concerning his general conditions of confinement at the SCRJ were not sufficiently serious to give rise to a federal constitutional claim. However, the presiding District Judge's Memorandum Opinion and Order specifically dismissed all official capacity claims and stated that this matter will proceed only on the plaintiff's failure to protect claims. (ECF No. 7 at 5 n.2). Thus, the undersigned finds it unnecessary to address any other arguments addressed in the defendants' motion documents.

6

opposed the Motion to Dismiss, asserting in pertinent part, that the defendants are not entitled to qualified immunity because they were aware of an obvious risk of harm to accused child molesters and failed to ensure that he was protected from such harm. (ECF No. 41).

The defendants' Reply contends that the plaintiff cannot point to any policy or procedure that supports his assertion that, as an accused child molester, he should not have been housed in general population, and further asserts that the alleged misconduct of Correctional Officer Hunter was not foreseeable or obvious and, thus, they did not have requisite knowledge of a substantial risk of harm to the plaintiff. (ECF No. 42 at 2). Accordingly, they assert that the plaintiff cannot state a claim for which relief can be granted. (*Id.*)

The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability on civil damages insofar as their conduct does not violate a clearly established statutory right of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The functions of supervision and training are widely treated as "discretionary functions."

However, the defendants largely rely upon West Virginia cases addressing qualified immunity for negligent supervision and training under state law; whereas this Court has interpreted the plaintiff's claims against DeLong and Crook to be alleging a federal constitutional claim alleging deliberate indifference, not negligence. The presiding District Judge's June 2016 Order specifically found as follows:

> Plaintiff has adequately alleged that SCRJ subordinate employees violated his constitutional rights by inciting an assault against the plaintiff by fellow inmates and then standing idly by for an unreasonable period of time as that assault took place. * * * Plaintiff alleges that DeLong and Crook[] failed to

>train their officers in the specific area of controlling inmate violence, and this failure manifested itself in Plaintiff being assaulted by another inmate, at the instigation of an officer while other correctional officers stood idly and allowed the violence to continue. In other words, the constitutional injury Plaintiff alleges is the precise kind that the administrators allegedly failed to train their subordinates to prevent.
>
>Given a correctional officer's constitutional duty to make reasonable efforts to protect inmates from violence at the hands of other inmates, allegations that supervisory officials failed to train their officers with respect to controlling inmate violence and "defus[ing] conflict in the POD" (ECF No. 2 at 11), are sufficient to state a claim for deliberate indifference to the constitutional rights of SCRJ inmates. *See DeHaven v. W. Va. Div. of Corrs.*, No. 2:14-CV-16156, 2014 WL 2765612, at *4 (S.D. W. Va. June 18, 2014) (emphasizing the "[t]he need for training to avoid and halt violence by fellow inmates is clearly obvious for correctional officers in a prison environment," and finding allegations that supervisory officials "failed to adequately train their correctional officers to protect the known and substantial risk of harm by other inmates" sufficient to state a supervisory liability claim for failure to train under § 1983).

(ECF No. 7 at 19-20).

Relying on the clearly-established precedent in *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989), the *DeHaven* Court found that "the need for training to avoid and halt violence by fellow inmates is clearly obvious for correctional officers in a prison environment" and in failing to address the inadequacy thereof, a supervisor "can reasonably be said to have been deliberately indifferent to the need." 2014 WL 2765612, *4 (quoting *Harris*, 489 U.S. at 390). "In that event, the failure to provide proper training may fairly be said to represent a policy for which the [supervisor] is responsible and for which the [supervisor] may be held liable if it causes actual injury." *Id.* Thus, pursuant to *Harris*, "if the supervisory power fails to train subordinates who will most certainly encounter situations implicating the constitutional right, it is fair to state that the supervisory power has made a 'deliberate or conscious choice.'" *Brown v. Mitchell,* 308 F. Supp.2d 682, 705 (E.D. Va. 2004) (citing *Harris*, 489 U.S. at 389); s*ee also Spell v.*

8

*McDaniel*, 824 F.2d 1380, 1389-40 (4th Cir. 1987) (A supervisory entity can be liable under a failure to train theory when it fails to "adequately prohibit readily foreseeable conduct in light of known exigencies); *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000) (Supervisory liability appropriate where supervisor fails to institute a training program when the need is "plainly obvious" due to the nature of the subordinates' work).

The presiding District Judge has already found that the plaintiff's Complaint sufficiently states a plausible supervisory liability claim against defendants DeLong and Crook grounded in a failure to train theory and, at this stage of the proceedings, where the Court must accept the plaintiff's allegations as true, the defendants have not demonstrated a right to qualified immunity thereon. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the defendants' Motion to Dismiss lacks merit.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendants' Motions to Dismiss (ECF Nos. 23 and 38), **DISMISS** Correctional Officer Hunter as a defendant herein, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and leave this matter referred to the undersigned United States Magistrate Judge for additional proceedings concerning the remaining claims.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

October 2, 2017

Dwane L. Tinsley
United States Magistrate Judge

10