# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ALBERT WILLIAM LACY,

        Plaintiff,

v.                                                                                 CIVIL ACTION NO. 2:13-cv-14813

JOE DELONG, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Joe Delong's first Motion to Dismiss, (ECF No. 23), and Defendants Joe DeLong and Steven Crook's second Motion to Dismiss, (ECF No. 38). By Standing Order entered on April 8, 2013, and filed in this case on June 19, 2013, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) Magistrate Judge Tinsley filed his PF&R on October 2, 2017, recommending that this Court deny Defendants' Motions to Dismiss, (ECF Nos. 23, 38), dismiss Correctional Officer Hunter as a defendant herein, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and leave this matter referred to the United States Magistrate Judge for additional proceedings concerning the remaining claims. (ECF No. 44.)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

1

to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on November 20, 2017.  (ECF No. 48.) Plaintiff filed his objections on October 17, 2017.  (ECF No. 49.)  Plaintiff makes eleven objections in his filing, yet only four remotely apply to the findings in the PF&R.  (ECF No. 49.) Plaintiff objects to the following:

> The dismissal of Correctional Officer Mr. Hunter under Rule 4(m), Carrie Dysart at MacCorkle Lavender is counsel in this manner and the deceitful by an officer of the court violates due process and equal protection of the law. The plaintiff asked the court to take judicial notice Counsel Bill Murray in effort to commit fraud upon the court to hide an individual that commit Hate Crime question the integrity of our judicial system.

(*Id*. at 2.)  Plaintiff further objects to the following:

> The plaintiff [o]bjects to any person being dismissed from the lawsuit until this court decide under civil right or hate crime issue in this matter under emergency act was Prime Care Medical / West Virginia Regional Authority emergency plan carried out according to what the defendants should have in place and who was responsible[.]

(*Id*. at 3.)

Plaintiff's objections to the dismissal of Correctional Officer Hunter, although unsupported by law or fact, will be treated as valid objections, thus requiring *de novo* review.  Rule 4(m) of the Federal Rules of Civil Procedure stated as follows at the time Plaintiff filed his complaint:

2

> Time Limit for Service - If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) clearly stated that service must be perfected within 120 days after the filing of the complaint. Plaintiff filed his complaint on June 19, 2013, yet to this day service has not been perfected on Correctional Officer Hunter. The Court notes that the Magistrate Judge did not order service of process until March 23, 2017, (ECF No. 20). However, even from that date service has not been perfected within the 120 days required by Rule 4(m). Section 1915(d) of Title 28 of the U.S. Code requires the court to assist *pro se* plaintiffs with service, and Rule 4(m) also requires the court to extend time for service if a plaintiff shows good cause for failure to serve. Here, the Court attempted to serve process on Correctional Officer Hunter, (ECF No. 26), and granted Plaintiff an extension of time to provide the Court with information to allow service to be perfected, yet Plaintiff failed to do so. (ECF Nos. 32 & 44 at 5.) As has been articulated in this district, "[a]t a minimum, such plaintiffs bear the reasonable burden of identifying some address where service can be properly made. Only upon provision of such information – which is absent here – can the courts execute service." *Skaggs v. Clark*, No. 3:13-cv-03293, 2015 WL 269154, at *3 (S.D. W. Va. Jan. 21, 2015). The Court is not required to continue its efforts at the behest of Plaintiff who is unable to provide the Court with any information allowing for service to be had upon on Correctional Officer Hunter.

Additionally, Plaintiff's objection to dismissal of any defendant until the Court "decide[s] under civil right or hate crime issue in this matter under emergency act was Prime Care Medical /

3

West Virginia Regional Authority emergency plan" is unfounded, lacks merit, and is possibly frivolous. Lastly, Plaintiff objects to the dismissal of any party "based on the facts this case laid the court desk for approximately 3 years before legal process began." (ECF No. 49 at 3). However, Plaintiff cites to no case law in support of or gives any reason that his objection should be sustained. Therefore, Plaintiff's objections to the dismissal of Correctional Officer Hunter are **OVERRULED**.

Plaintiff further objects "to footnote 3 at page 6 [of the PF&R] the plaintiff [sic; Defendants] are being sued in their individual capacities, they fit comfortably within the statutory term 'person.'" (ECF No. 49 at 3.) As correctly stated by the Magistrate Judge, the Court already handled this issue when it dismissed all claims against defendants in their official capacity as immune from suit. (ECF. No. 7 at 5 n.2). Therefore it need not be addressed again and Plaintiff's objection is **OVERRULED**.

Plaintiff additionally makes the following objections:

1. Plaintiff objects to the *[MJR&R]'s* failure to address this action as a hate crime.

2. Plaintiff objects to the *[MJR&R]'s* failure to address the defense counsel violation of Fed. Rule Civil Procedure 24 (a)
    a) Counsel Murray Misrepresentationement [sic] in this case as to representing the defendants *[Joe Delong & Steve Crooks] the record reflect **Bret A. Hart [Casualty Specialist II the law firm of Anspach]** Bill Murray and his firm represent AIG.*
    b) Plaintiff object as the MJR&R failure to informed the court as to the violation service of the summons and complaint possible sanction for counsel's misinformation. And misrepresentation.
    c) Plaintiff object as the MJR&R that any extra cost in the summons and service in this case be charged to defendants.

. . .

4. The Insurance company has fail to file a motion to intervene under Federal Rule Civil Procedure 24 (a) the deceit act by officer of the court in effort to hide this

> unconstitutional bring forth the question of integrity in these matter in our justice system.
>
> 5. The plaintiff again renew his motion to this court and Magistrate Judge Tinsley to bring forth Bret A. Hart [*Casualty Specialist II*] and legal sanctions be lodge against the law office MacCorkle Lavender.
>
> 6. The plaintiff object that legal summons and service cost will not be levied against Anspach Law Office and Law Office of MacCorkle Lavender.
>
> . . .
>
> 10. The plaintiff object to Magistrate Judge's failure to understand that this is a *Hate Crime and it would be easy for any of the White individual to kill an* [African American] in their neighborhood hunting for these individual to serve a summons and the complaint when all this information is at the hand West Virginia Regional Authority.
>
> 11. The plaintiff object to the insensitive view of the court when officer of the court has been deceitful in identifying their client and addresses and where service can be properly made. Maybe the court can make such suggestion at next rule meeting to cut cost.

(ECF No. 49 at 2–3 (emphases in original).).

These remaining objections bear no relevance to the PF&R. The PF&R relates to Defendants' motions to dismiss and the dismissal of a party. Plaintiff attempts to make motions before the Court and object to other issues that could be presented before the Court during other proceedings, although the Court notes that most of the objections would likely be ruled meritless and frivolous. The objections are largely conclusory statements that fail to direct the Court to any specific error in the PF&R, which the Court has no obligation to entertain and, thus, will not address. Lastly, with no objections articulated in regards to the denial of the motions to dismiss, the Court adopts the reasoning and analysis of the PF&R in resolving the motions.

Accordingly the Court **ADOPTS** the PF&R insofar as it is consistent with this Memorandum Opinion and Order, (ECF No. 44), **DENIES** Defendants' Motions to Dismiss, (ECF

Nos. 23, 38), **DISMISSES** Correctional Officer Hunter, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and **DIRECTS** the Clerk to remove him as a named Defendant herein, and leaves this matter **REFERRED** to United States Magistrate Judge Tinsley for additional proceedings concerning the remaining claims.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 19, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE